U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JUL 1 5 2020

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. |
| | * | 18 U.S.C. § 2423(e) |
| VERSUS | * | 18 U.S.C. § 2423(a) |
| | * | 18 U.S.C. § 1594(b) |
| DARNELL FULTON | * | 18 U.S.C. § 1589(a) |
| | * | 28 U.S.C. § 2461(c) |
| | * | 18 U.S.C. § 1594 |

**INDICTMENT**

1:20-cr-00148-01
Judge Drell
Magistrate Judge Perez-Montes

THE GRAND JURY CHARGES:

AT ALL TIMES MATERIAL HEREIN:

### The Defendant

1. Defendant **DARNELL FULTON** was married to Amy Lee Floyd.

2. Amy Lee Floyd was the mother of Minor Victim 1 (MV-1), Minor Victim 2 (MV-2), Minor Victim 3 (MV-3), Minor 4 (M-4), and Minor 5 (M-5).

3. Defendant **DARNELL FULTON** was the step-father of MV-1, MV-2, MV-3, and the father of M-4 and M-5.

4. Defendant, **DARNELL FULTON** and Amy Lee Floyd lived together on Staples Road, in Pineville, Louisiana with all of the minors.

### The Victims

5. MV-1's date of birth is January 8, 2003. MV-2's date of birth is August 5, 2004, and MV-3's date of birth is October 27, 2006. All three were under the age of 16. MV-3 was under the age of 12.

6. MV-1, MV-2, and MV-3's biological father was deceased.

### COUNT 1

### CONSPIRACY TO COMMIT TRANSPORTATION OF A MINOR WITH THE INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY
### 18 U.S.C. § 2423(e)

Beginning on or about June 2016, and continuing on until on a date reasonably near to May 17, 2019, in the Western District of Louisiana and elsewhere, the defendant, **DARNELL FULTON** and others, both known and unknown to the Grand Jury, did knowingly conspire, confederate and agree together, to commit an offense against the United States, specifically a violation of 18 U.S.C. § 2423, in that the defendants knowingly conspired to transport minors, MV-1 and MV-2, under the age of 18, in interstate commerce, with the intent that the minors engage in any sexual activity for which any person could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(e). [18 U.S.C. § 2423(e)].

## COUNT 2

### TRANSPORTATION OF A MINOR WITH THE
### INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY
### 18 U.S.C. § 2423(a)

The allegations of Paragraphs 1-6 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning on a date unknown but reasonably near to May 8, 2017, and continuing until on or about September 12, 2017, in the Western District of Louisiana and elsewhere, the defendant, **DARNELL FULTON**, did knowingly transport a minor, under the age of 18, in interstate commerce, with the intent that the minor engage in any sexual activity for which any person could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a). [18 U.S.C. § 2423(a)].

## COUNT 3

### TRANSPORTATION OF A MINOR WITH THE
### INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY
### 18 U.S.C. § 2423(a)

The allegations of Paragraphs 1-6 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning on a date unknown but reasonably near to December 1, 2017, and continuing until on or about February 12, 2018, in the Western District of Louisiana and elsewhere, the defendant, **DARNELL FULTON**, did knowingly transport a

minor, under the age of 18, in interstate commerce, with the intent that the minor engage in any sexual activity for which any person could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a). [18 U.S.C. § 2423(a)].

## COUNT 4

### TRANSPORTATION OF A MINOR WITH THE INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY
### 18 U.S.C. § 2423(a)

The allegations of Paragraphs 1-6 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning on a date unknown but reasonably near to April 13, 2019, and continuing until on or about May 17, 2019, in the Western District of Louisiana and elsewhere, the defendant, **DARNELL FULTON**, did knowingly transport a minor, under the age of 18, in interstate commerce, with the intent that the minor engage in any sexual activity for which any person could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a). [18 U.S.C. § 2423(a)].

## COUNT 5

### CONSPIRACY TO COMMIT FORCED LABOR
### 18 U.S.C. §§ 1589(a) & 1594(b)

The allegations of Paragraphs 1-6 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning on or about June 2016, and continuing on until on a date reasonably near to May 17, 2019, in the Western District of Louisiana and elsewhere, the

defendant, **DARNELL FULTON** and others, both known and unknown to the Grand Jury, did knowingly conspire, confederate and agree together, to commit an offense against the United States, specifically a violation of 18 U.S.C. § 1589(a) in that the defendants did knowingly conspire to provide and obtain the labor and services of MV-1, MV-2, and MV-3, by means of force, threats of force, physical restraint, and threats of physical restraint to MV-1, MV-2, MV-3, and another person; and by means of serious harm and threats of serious harm to MV-1, MV-2, MV-3, and another person; and by means of any scheme, plan, and pattern intended to cause MV-1, MV-2, and MV-3 to believe that, if MV-1, MV-2, and MV-3 did not perform such labor and services, that MV-1, MV-2, MV-3, and another person would suffer serious harm, in violation of Title 18, United States Code, Sections 1589(a) and 1594(b). [18 U.S.C. § 1589(a), 1594(b)].

## MANNER AND MEANS OF THE CONSPIRACY

It was a part of the plan and purpose of this conspiracy that defendant, **DARNELL FULTON**, forced MV-1, MV-2, and MV-3 to bake and sell brownies to sustain the family. The plan of the conspiracy was for the co-conspirators to subject MV-1, MV-2, and MV-3 to physical violence, sexual abuse, verbal abuse, withholding of food, degradation, intimidation, and psychological manipulation to obtain uncompensated labor and services from MV-1, MV-2, and MV-3. As the conspiracy progressed, the defendants took MV-1, MV-2, and MV-3 out of school, water-boarded them, and set daily sale quotas.

## COUNT 6

## FORCED LABOR
## 18 U.S.C. §§ 1589(a), 1589(d), 1594(a), & 2

The allegations of Paragraphs 1-6 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning on or about June 2016, and continuing on until on a date reasonably near to May 17, 2019, in the Western District of Louisiana and elsewhere, the defendant, **DARNELL FULTON**, did knowingly provide and obtain the labor and services of MV-1 by means of force, threats of force, physical restraint, and threats of physical restraint to MV-1 and another person; and by means of serious harm and threats of serious harm to MV-1 and another person; and by means of any scheme, plan, and pattern intended to cause MV-1 to believe that, if MV-1 did not perform such labor and services, that MV-1 and another person would suffer serious harm.

The Grand Jury further alleges that the violation included aggravated sexual abuse.

All in violation of Title 18, United States Code, Sections 2, 1589(a) & (d), and 1594(a). [18 U.S.C. §§ 2, 1589(a) & (d), & 1594(a)].

## COUNT 7

### FORCED LABOR
### 18 U.S.C. §§ 1589(a), 1589(d), 1594(a), & 2

The allegations of Paragraphs 1-6 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning on or about June 2016, and continuing on until on a date reasonably near to May 17, 2019, in the Western District of Louisiana and elsewhere, the defendant, **DARNELL FULTON**, did knowingly provide and obtain the labor and services of MV-2 by means of force, threats of force, physical restraint, and threats of physical restraint to MV-2 and another person; and by means of serious harm and threats of serious harm to MV-2 and another person; and by means of any scheme, plan, and pattern intended to cause MV-2 to believe that, if MV-2 did not perform such labor and services, that MV-2 and another person would suffer serious harm.

The Grand Jury further alleges that the violation included aggravated sexual abuse and the attempt to commit aggravated sexual abuse.

All in violation of Title 18, United States Code, Sections 2, 1589(a) & (d), and 1594(a). [18 U.S.C. §§ 2, 1589(a) & (d), & 1594(a)].

## COUNT 8

## FORCED LABOR
## 18 U.S.C. §§ 1589(a), 1589(d), 1594(a), & 2

The allegations of Paragraphs 1-6 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning on or about June 2016, and continuing on until on a date reasonably near to May 17, 2019, in the Western District of Louisiana and elsewhere, the defendant, **DARNELL FULTON**, did knowingly provide and obtain the labor and services of MV-3 by means of force, threats of force, physical restraint, and threats of physical restraint to MV-3 and another person; and by means of serious harm and threats of serious harm to MV-3 and another person; and by means of any scheme, plan, and pattern intended to cause MV-3 to believe that, if MV-3 did not perform such labor and services, that MV-3 and another person would suffer serious harm.

The Grand Jury further alleges that the violation included aggravated sexual abuse and the attempt to commit aggravated sexual abuse.

All in violation of Title 18, United States Code, Sections 2, 1589(a) & (d), and 1594(a). [18 U.S.C. §§ 2, 1589(a) & (d), & 1594(a)].

## NOTICE OF FORFEITURE
## 18 U.S.C. 2423

1. The allegations contained in Counts 1-4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture

pursuant to Title 18, United States Code, Section 2428.

2. Pursuant to Title 18, United States Code, Section 2428, upon conviction of an offense in violation of Title 18, United States Code, Section 2423, the defendant, **DARNELL FULTON** shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offenses and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## NOTICE OF FORFEITURE
### 18 U.S.C. § 1594

1. The allegations contained in Counts 5-8 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture

pursuant to Title 18, United States Code, Section 1594.

2. Pursuant to Title 18, United States Code, Section 1594, upon conviction of an offense in violation of Title 18, United States Code, Section 1589(a) and 1594(b), the defendant, **DARNELL FULTON,** shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense[s] and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense[s]. The property to be forfeited includes, but is not limited to, the following:

    a. Any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offenses charged in Counts 5-8 of this Indictment.

    b. Any and all funds constituting, or derived from, any proceeds that the defendant obtained directly or indirectly, as a result, of the violations, and any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

**REDACTED**

FOREPERSON: GRAND JURY

DAVID C. JOSEPH
United States Attorney

By: *[signature]*
JOHN LUKE WALKER (LA Bar No. 18077)
Assistant United States Attorney
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832
Telephone: (337) 262-6618

By: *[signature]*
MARYAM ZHURAVITSKY (MD Bar No. 1312190348)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave
Washington, DC 20530
Telephone: (202) 532-3592